JUSTICE KNECHT, dissenting: Respondent was improperly transferred to McFarland Mental Health Center. The Code does not permit the transfer of a respondent from a private facility to a Department facility in these circumstances. There is no statutory authority to initiate such a transfer. The State should not have made the transfer motion, respondent’s counsel should not have agreed to the transfer, the judge should not have entered the order, and McFarland should not have accepted respondent’s transfer; and this court should reverse. Respondent’s counsel is her lawyer, not her social worker. Counsel has no authority to acquiesce to the transfer of the client from a local hospital to a confined mental-health facility operated by the Department simply because such a transfer may appear inevitable. When a petition is filed seeking to take away someone’s liberty — even if the world at large believes it is for the person’s own good — it is an adversarial proceeding. The State had an obligation to timely bring the petition to hearing, observe the rights of respondent and prove the case. Instead, respondent was transferred to a restrictive state facility before the hearing. She was transferred in advance to the same facility where she would be confined when, and if, anyone proved she belonged there. Prejudice is inherent in such a transfer. When the hearing finally took place, it had been continued three times. A cynic would suggest there was less motivation to hold the hearing with dispatch because she was already confined where medical professionals wanted her to be. Perhaps if I had a family member who needed treatment, I would think such a transfer was a good idea. Perhaps the legislature should authorize such transfers. Until that occurs, I contend this respondent was improperly transferred to her prejudice. There is no dispute respondent is mentally ill. Her schizo-affective disorder rendered her delusional with poor judgment. The majority suggests respondent agreed to the transfer. If she agreed, what weight should be given to that agreement given her illness? Mental-health cases are treated differently than other proceedings because we have permitted them to become different. Just as society is uncomfortable with the mentally ill, so too are lawyers and courts. That discomfort may make us forget the purpose of the statutory framework is to protect the seriously mentally ill, not just from themselves, but from us.